UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re: PAUL M. SILVERMAN,

Debtor,

Case No.: 19-75130-ast
Chapter 7
------------------------------------------------------------X
GREGORY RABINOWITZ, ESQ.,

Plaintiff,

Adv. Pro. No.: 19-8133-ast

-against-

PAUL M. SILVERMAN,

Defendant.
------------------------------------------------------------X

**NOTICE OF PRESENTMENT**

PLEASE TAKE NOTICE that upon the annexed application of the Plaintiff, GREGORY RABINOWITZ, ESQ., for an Order seeking a default judgment against the Defendant, PAUL M. SILVERMAN, will be presented before the Honorable Alan S. Trust, Bankruptcy Judge on June 10, 2020 at 10:00 a.m., seeking the following relief:

A) Awarding Plaintiff in this action, GREGORY RABINOWITZ, ESQ., all relief sought against the Debtor/Defendant, PAUL M. SILVERMAN sought by Plaintiff's complaint in its entirety, including but not limited to a judgment which is not dischargeable by the Defendant/Debtor and/or denying the Debtor's application to be discharged in its entirety together with such other and/or further relief the Court deems appropriate fair and equitable.

Please be advised that objections must be filed with the court and mailed to the applicant in writing at least 7 days before the presentment date set forth above. The Court may enter an order without a hearing unless a timely objection is made.

**Any response to any such motion, other than a motion under Rule 7055 or Rule 7056, shall be due fourteen (14) days after the date of filing plus any extension of time pursuant to Bankruptcy Rule 9006 or E.D.N.Y. LBR 9006-1; the response to a motion under either Rule 7055 or Rule 7056 shall be due twenty-one (21) days after the date of filing plus any extension of time pursuant to Bankruptcy Rule 9006 or E.D.N.Y. LBR 9006-1.**

**If an objection is timely filed to the relief requested, or if the Court determines that a hearing is appropriate, the Court will schedule a hearing. Notice of such a hearing will be provided by the applicant.**

Dated: Jericho, New York
May 13, 2020

By: ______________________
Gregory Rabinowitz, Esq.
GREGORY RABINOWITZ, P.C.
400 Jericho Turnpike, Suite 222
Jericho, New York 11753

TO: PAUL M. SILVERMAN
Defendant
8 Springtime Lane
Levittown, New York 11756

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re: PAUL M. SILVERMAN,

Debtor,

Case No.: 19-75130-ast
Chapter 7

-----------------------------------------------------------X
GREGORY RABINOWITZ, ESQ.,

Plaintiff,

Adv. Pro. No.: 19-8133-ast

-against-

PAUL M. SILVERMAN,

Defendant.
-----------------------------------------------------------X

**APPLICATION IN SUPPORT OF MOTION TO DEFAULT JUDGMENT**

**TO THE HONORABLE ALAN S. TRUST, Bankruptcy Judge**

I, GREGORY RABINOWITZ, Plaintiff herein, make this application in support of my motion for a default judgment against the Defendant, PAUL M. SILVERMAN, in this action. In support of my motion, I hereby allege as follows:

1. This action was commenced pursuant to non-payment of numerous money judgments held against the Defendant, PAUL M. SILVERMAN. The Plaintiff obtained a Summons in an Adversary Proceeding dated October 25, 2019.

2. Defendant was served with the Summons and Complaint for the subject Adversary Proceeding on October 29, 2019.

3. The time for the defendant, PAUL M. SILVERMAN, to interpose an answer or otherwise move with respect to the complaint was on or before November 25, 2019.

4. On November 5, 2019, the defendant, PAUL M. SILVERMAN, requested an extension of time to answer to January 15, 2020, without first obtaining consent from your deponent.

5. On January 3, 2020, your deponent was served with Defendant's Application for the Court to Request Counsel dated December 30, 2020.

6. To date, your deponent has not received a request for an extension of time to answer beyond Defendant's self-imposed deadline of January 15, 2020.

7. The time of the defendant, PAUL M. SILVERMAN, to answer or otherwise move with respect to the complaint in this adversary proceeding has expired.

8. Defendant, PAUL M. SILVERMAN, has not answered or otherwise moved with respect to the complaint, and the time for defendant, PAUL M. SILVERMAN, to answer or otherwise move has not been extended.

9. That defendant, PAUL M. SILVERMAN's, default has been noted and documented by the Honorable Alan S. Trust of this Court. A copy of the Order of Judge Trust is annexed as Exhibit "1", wherein the Court stated that Defendant, PAUL M. SILVERMAN, has failed to file an Answer.

10. Defendant, PAUL M. SILVERMAN, is indebted to plaintiff, GREGORY RABINOWITZ, in the following manner:

    a. RABINOWITZ has represented the Defendant's Ex-Wife, LISA BIFULCO-SILVERMAN in various Domestic Relations Actions since in or about 2010, including a Trial for Equitable Distribution and Spousal Support (alimony) and for child support and multiple post judgment hearings regarding the Defendant's contempt of Court in failing to pay child support.

b. In more than one of the trials and/or post judgment hearings in which RABINOWITZ represented the Defendant's Ex-Wife, including, but not limited to, multiple contempt hearings seeking enforcement of Defendant's failure to pay child support, the various Judges and/or Justices presiding there over directed that Defendant pay counsel fees to RABINOWITZ.

c. Upon Defendant's failure to pay any part of the multiple counsel fee awards, RABINOWITZ was directed and in fact did file and enter Money Judgments against the Defendant.

d. On or about October 27, 2015 RABINOWITZ, filed his first Judgment against the Defendant in the sum of $30,000.00. On or about October 27, 2015, RABINOWITZ filed his second Judgment against the Defendant in the sum of $5,000.00. On or about May 25, 2017, RABINOWITZ filed his third Judgment against the Defendant in the sum of $96,954.00. On or about October 25, 2018, RABINOWITZ filed his fourth judgment against the Defendant in the sum of $15,000.00. In total, the Judgments against Defendant in favor of Plaintiff aggregated $146,954.00, without applying applicable statutory interest.

e. As of October 25, 2019 and continuing to date, the Defendant has not paid any part of any of the aforementioned Judgments entered against him by RABINOWITZ.

f. The Defendant has confirmed by testimony under oath at trial and/or at various contempt hearings that his corporate and/or individual tax returns are not true and accurate and that he has transferred 50% or more of his sole ownership in various companies to his niece without consideration of any kind.

g. The Defendant/Debtor as recently as September 2019, provided testimony, under oath before Magistrate Tomasina C. Mastroianni of the Nassau Family Court, while questioned in the action to hold Defendant in contempt for failure to pay child support,

contradicting the information set forth in his Bankruptcy Petition submitted in support of a discharge.

Debtor's Income:

h. The Debtor, by his Bankruptcy Petition represents his income as only $1,057.00 per month from Social Security Disability, which is a fraudulent and gross misrepresentation of the Defendant's actual income which has been imputed to be $106,000.00 by Justice Pardes of the Supreme Court by Decision of July 6, 2016, and subsequently confirmed by Supreme Court Justice Jaeger.

i. That both Justices by their Decisions confirmed Defendant's misrepresentation of income, his historical filing of false tax returns and failing to report his cash income.

j. The Debtor represented in his Chapter 7 Statement of Current Monthly Income that his income is $ 0.00, which conflicts with his 2018 tax filings, notwithstanding that his tax filings have been determined to be grossly understated.

Debtor's Fraudulent Conveyance of His Interest in His Various Businesses was Found by the Court to be Without Consideration:

k. Debtor lists his ownership interest in his Bankruptcy Petition as to Snack-Time Services, Inc., and Safety N Compliance Services, Inc., to be 50%, although it has already been determined by Decision of Justice Jaeger of the Supreme Court that the alleged transfer of 50% of his interest to his niece was without consideration and that his niece (a school teacher) has no contact or direct connection to either company.

l. Debtor lists the value of the companies as $ -0- for Safety N Compliance and 50% of Snack-Time Services, Inc. as $6,250.00 which is a gross understatement as his companies which have unreported gross receipts in excess of $106,000.00 per year.

m. Debtor denies transferring any property within 2 years of filing for bankruptcy, but upon information and belief, the Debtor transferred his business interests referred to hereinabove to his niece; and in or about September 2019, the Debtor testified that he transferred and/or is in the process of transferring the remaining 50% balance of his business interests into a trust created by him to protect the businesses from creditors.

n. The Debtor transferred over $35,000.00 to his parents in 2018 as admitted by him under oath in or about September 2019 at his hearing for contempt making his representation in his petition of having not transferred any property to anyone within 2 years of filing false and fraudulent.

o. Debtor's Petition represents that he has no wages or commissions, bonuses or tips in 2018 which conflicts with his 2018 tax returns and W-2's and/or K-1's he received for 2018.

p. Debtor falsely claims in his Petition that within 1 year prior to filing for bankruptcy, he did not make a payment on a debt owed as an insider, yet not only did he allegedly transfer his 50% alleged business interest into a trust, he transferred over $35,000.00 in mid-2018 to his parents within 1 year of filing, which he testified to under oath in or about September 2019 at his contempt hearing.

**WHEREFORE**, plaintiff, GREGORY RABINOWITZ, requests that a default judgment be entered in favor of plaintiff, GREGORY RABINOWITZ, and against Defendant, Paul M. Silverman, and granting the relief sought by Plaintiff's Complaint including but not limited to a judgment which is not dischargeable by the Defendant/Debtor and/or denying the Debtor's application to be discharged in its entirety together with such other and/or further relief the Court deems appropriate fair and equitable.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief, that the amount claimed is justly due to plaintiff, that no part thereof has been paid, and that the disbursements sought to be taxed have been made in this action or will necessarily be made or included in this action.

Dated: Jericho, New York
May 13, 2020

By: ______________________________

Gregory Rabinowitz, Esq.
GREGORY RABINOWITZ, P.C.
400 Jericho Turnpike, Suite 222
Jericho, New York 11753
Telephone: (516) 605-2600

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re: Paul M. Silverman

Case No.: 19-75130-ast
Chapter 7

Debtors.
------------------------------------------------------------x
Gregory Rabinowitz, Esq.

Plaintiff,

Adv. Pro. No.: 19-8133-ast

- against -

Paul M. Silverman

Defendant.
------------------------------------------------------------x

**ORDER TO SHOW CAUSE**
***(For Failure to Prosecute)***

WHEREAS, this adversary proceeding was commenced on **October 25, 2019**; and

WHEREAS, Defendant(s), **Paul M. Silverman**, has failed to file an Answer; and

WHEREAS, Plaintiff(s), **Gregory Rabinowitz, Esq.** has failed to file a motion for default judgment; it is

**ORDERED**, that the parties shall appear before the undersigned on **May 19, 2020 at 2:00 pm**, at Courtroom 960, United States Bankruptcy Court, The Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, New York, to show cause why this adversary proceeding should not be dismissed for failure of the Plaintiff to prosecute the action; and it is further

**ORDERED**, that if no one appears at the hearing, or if Plaintiff does not provide an adequate reason for no-action having been taken in this adversary since its commencement, the adversary proceeding will be dismissed without further notice; and it is further

**ORDERED**, that the Clerk of the Court shall serve this Order on all parties.

**Dated: March 27, 2020**
**Central Islip, New York**

Alan S. Trust
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE:<br><br>PAUL M. SILVERMAN<br><br>Debtor. | ) | CASE NO. 8-19-75130-ast |
| GREGORY RABINOWITZ, ESQ.<br><br>Plaintiff,<br><br>v.<br><br>PAUL M. SILVERMAN<br><br>Defendant. | ) | Adv. Pro. No. 8-19-08133-ast |

**CERTIFICATE OF SERVICE**

The undersigned certifies that on May 13, 2020, a copy of the **NOTICE OF PRESENTMENT** was served by overnight service by **Federal Express** in an enclosed properly addressed envelope, addressed to the last known address of the addresses as indicated below;

**Addressee:**

**Paul M. Silverman**
**8 Springtime Lane**
**Levittown, New York 11756**

Dated: May 13, 2020

SUSAN MARCUS
c/o Gregory Rabinowitz, P.C.
400 Jericho Turnpike, Suite 222
Jericho, New York 11753
Telephone: (516) 605-2600
Email: susan@nydivorceoptions.com

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PAUL M. SILVERMAN | ) | CASE NO. 8-19-75130-ast |
| | ) | |
| Debtor. | ) | |
| | ) | |
| GREGORY RABINOWITZ, ESQ. | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Adv. Pro. No. 8-19-08133-ast |
| PAUL M. SILVERMAN | ) | |
| | ) | |
| Defendant. | ) | |

# NOTICE OF PRESENTMENT

GREGORY RABINOWITZ, ESQ.
c/o Gregory Rabinowitz, P.C.
Plaintiff
400 Jericho Turnpike, Suite 222
Jericho, New York 11753
Telephone: (516) 605-2600
Telecopier: (516) 605-2601
Email: gr@nydivorceoptions.com